UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RICHARD CLEMONS, #232413**

    **Petitioner,**

                                          Civil No: 06-11558
                                          Honorable Marianne O. Battani
                                          Magistrate Paul J. Komives

v.

**WARDEN THOMAS BIRKETT**,

    **Respondent.**

_____

## MEMORANDUM OPINION & ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

**I. Introduction**

This matter is before the Court on Petitioner's, Richard Clemons', *pro se* request for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner, a state prisoner confined at Standish Maximum Correctional Facility in Standish, Michigan, is challenging the amendment of his sentence. Petitioner asserts that he was convicted for carrying a concealed weapon in his motor vehicle. He was sentenced to 4 years imprisonment. Petitioner claims that 5 years after he served his 4 year prison term, the trial court sought to add an additional year to his sentence. Petitioner fails to articulate the basis upon which the trial court sought to increase his sentence. As a result, Petitioner is presently serving the extended sentence until May 4, 2007. Petitioner maintains that the action to extend his sentence by the trial court was unjustified, was done without due process, was done in violation of his liberty interests, and was done without authority. Petitioner now seeks relief by filing a petition for writ of habeas corpus with this Court.

## II. Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *O"Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies. The record before this Court indicates that Petitioner has not attempted to appeal the state circuit court's decision to extend his prison sentence in the Michigan appellate courts. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

## III. Conclusion

For the reasons stated, this Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the habeas petition is **DISMISSED WITHOUT PREJUDICE**.

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus **[Doc. #1-1, filed March 31, 2006]** is **DISMISSED WITHOUT  PREJUDICE.**

IT IS FURTHER ORDERED that Petitioner's Motion to Proceed in Forma Pauperis **[Doc. #1-2, filed March 31, 2006] is MOOT.**

     s/Marianne O. Battani
HONORABLE MARIANNE O. BATTANI
UNITED STATES DISTRICT COURT

Dated:    April 18, 2006