UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RICHARD CLEMONS, #232413**

      Petitioner,

                                      Civil No: 06-CV-11558
                                      Honorable Marianne O. Battani
                                      Magistrate Paul J. Komives

v.

**WARDEN THOMAS BIRKETT**,

      Respondent.
_____

### OPINION & ORDER DENYING PETITIONER'S
### MOTION FOR RECONSIDERATION

**I.**

This matter is before the Court on Petitioner's, Richard Clemons', "Objections to Order of Dismissal." On April 18, 2006, the Court dismissed Petitioner's Petition for Writ of Habeas Corpus without prejudice for failure to properly exhaust state court remedies. The Court will treat Petitioner's "objections" as a motion for reconsideration of this Court's decision. For the reasons that follow, the Court denies Petitioner's request for reconsideration.

**II.**

Pursuant to Eastern District of Michigan Local Rule 7.1(g)(1)-(3) it is within the Court's discretion to grant or deny motions for reconsideration. Generally, the Court will deny motions for reconsideration if the motion merely presents the same issues ruled upon by the Court in its previous order. *See, Graham ex. rel. Estate of Graham v. County of Washtenaw,* 358 F.3d 377, 386 (6th Cir

2004)[1]. Petitioner, in this case, must "demonstrate a palpable defect by which the Court and the parties have been misled, and also must show that correcting the defect will result in a different disposition of the case." *Id.*

Petitioner asserts that he has no state court remedy to exhaust; and as a matter of law his petition for habeas corpus should be reinstated. Petitioner further asserts that he was wrongfully sentenced. The crux of Petitioner's claim is that he was sentenced improperly and the length of his sentence is excessive. This is an issue that Petitioner can raise in an appeal to the Michigan Court of Appeals, the Michigan Supreme Court or in a post judgment motion for relief from judgment before the trial court. Because Petitioner has failed to exhaust his state court remedies; and the law is clear that such exhaustion must take place before the Petitioner can administratively proceed in this matter, the Court properly dismissed Petitioner's request for habeas relief. *See, O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The onus is upon the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has failed to meet that burden, and accordingly has not only failed to meet the burden of showing a palpable defect by which the Court has been misled but has also failed to demonstrate that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3).

---

[1] A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## III.

For the foregoing reasons, the Court concludes that there was no palpable defect demonstrated by the Petitioner with this Court's April 18, 2006 Opinion and Order dismissing Petitioner's habeas petition without prejudice.

Accordingly,

IT IS HEREBY ORDERED that the Petitioner's "Objections to Order of Dismissal" **[Doc. #5-1, filed May 1, 2006] is DENIED.**

      s/Marianne O. Battani
      HONORABLE MARIANNE O. BATTANI
      UNITED STATES DISTRICT COURT

Dated: May 3, 2006