UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RICHARD CLEMONS, #232413**

      Petitioner,

                                            Civil No: 06-11558
                                            Honorable Marianne O. Battani
                                            Magistrate Judge Paul J. Komives

v.

**THOMAS BIRKETT**,

      Respondent.

_____

**OPINION & ORDER DENYING PETITIONER'S REQUEST
FOR A CERTIFICATE OF APPEALABILITY & GRANTING
LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

**I. Introduction**

On April 18, 2006, the Court filed an Opinion and Order and entered a Judgment Denying "Petition for Writ of Habeas Corpus." Petitioner then filed objections to the Court's dismissal of his petition, which was treated as a motion for reconsideration, and it was denied on May 3, 2006. A subsequent "Motion for the Court to Take Judicial Notice" of Petitioner's alleged lack of judicial remedies in this case was filed and also denied on May 8, 2006. Petitioner has now filed a series of pleadings: (1) "Notice of Appeal;" (2) "Request for Certificate of Appealability;" (3) "Renewal of Motion to Proceed in Forma Pauperis and on Appeal;" and (4) "Motion for Clarification of Order Pursuant to FRCP 52."[1] Under 28 U.S.C. §2253, an appeal may not be taken to the court of appeals

---

[1] Petitioner's "Renewal of Motion to Proceed in Forma Pauperis and on Appeal" is docketed along with the "Notice of Appeal." The "Motion for Clarification of Order Pursuant to FRCP 52" is not indicated on the docket, but was mailed to the Court.

from the final order in a §2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(B).

**II.  Statement of Substantive Facts**

Petitioner, a state prisoner confined at Standish Maximum Correctional Facility in Standish, Michigan, is challenging an amendment of his sentence and further asserts a claim of actual innocense. Petitioner states that he was convicted of carrying a concealed weapon in his motor vehicle in 1995. He was sentenced to 4 years imprisonment which he began serving in June, 1997. He states that he completed serving that sentence on June 6, 2001. Five years after he completed his prison time, the sentence, he alleges, was amended, causing one year to be added on to the sentence he is currently serving. Petitioner maintains that the action to extend his sentence by the trial court was unjustified and done without authority in violation of his due process rights. Petitioner filed a petition for writ of habeas corpus which this Court denied for failure to exhaust his state remedies. Petitioner now seeks a certificate of appealability.

III.  Standard of Review for Issuance of Certificate of Appealability

In order to obtain a certificate of appealability on constitutional grounds, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing, or must state the reasons why such a certificate should not issue. FED. R. APP. P. 22(B). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate

of appealability should issue if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

### IV.  Law & Analysis

#### A.  Request for Certificate of Appealability / Notice of Appeal

Petitioner claims that the trial court waited 5 years after he completed his sentence before arbitrarily increasing it by one year in 2006 without a hearing or any other form of due process. While it is difficult to discern from Petitioner's pleading the underlying circumstances relative to his sentence increase, as well as the purpose of his incarceration from June 2001 until May 2006, this Court need not be stymied.  The habea*s* petition was dismissed because petitioner failed to exhaust his state remedies by not challenging the alleged amended sentence in the Michigan Court of Appeals and the Michigan Supreme Court.  A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Petitioner's failure to perfect a timely appeal in the Michigan courts, and his further failure to show that to do so would be futile or to provide any explanation at all, constitutes a procedural default of his claims.

In order to obtain a certificate of appealability on a claim that the district court denied on procedural grounds, petitioner must demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of

3

reason would find it debatable whether the district court was correct in its procedural ruling.*" Slack v. McDaniel,* 529 U.S. 473,484 (2000).  As it is most unlikely that reasonable jurists would find it debatable whether the claim presented was procedurally barred, the Court denies the Certificate of Appealability.

### B.  Motion to Proceed In Forma Pauperis

FEDERAL RULE OF APPELLATE PROCEDURE 24(A)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court and attach an affidavit detailing his financial circumstances.  Petitioner has filed the required affidavit, and has demonstrated that he does not have the ability to pay cost.   An appeal may be taken *in forma pauperis* if it is taken in good faith and is not frivolous.  28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(A)(4)(B); *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *Sweeney v. Smith*, 9 F. Supp.2d 1026, 1027 (E.D. Wis. 1998).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien,* 216 F.3d 626, 631 (7th Cir.2000).  The Court concludes that the appeal may be taken in good faith, and therefore, shall grant Petitioner's request to proceed *in forma pauperis.*

### C.  Motion for Clarification of Order Pursuant to FRCP 52

Petitioner requests that the Court clarify what procedure he should have followed after the order increasing his sentence was entered by the trial court, and what procedure he should follow now. The Court finds that this opinion sufficiently resolves Petitioner's clarification motion.

### V. Conclusion

For the reasons set forth above, the Court denies the request for a Certificate of Appealability and grants leave to proceed *in forma pauperis*..

4

Accordingly,

IT IS HEREBY ORDERED that Petitioner's "Request for Certificate of Appealability;" **[Docket No: 10-1, filed May 17, 2006]** is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's "Renewal of Motion to Proceed in Forma Pauperis and on Appeal " **[Docket No: 9-1, filed May 17, 2006]** is **GRANTED.**

                                             s/Marianne O. Battani

                                             MARIANNE O. BATTANI

                                             UNITED STATES DISTRICT JUDGE

DATED: December 1, 2006